JON M. SANDS
Federal Public Defender
**JAMES D. SMITH**
Assistant Federal Public Defender
State Bar No. 024194
407 W Congress Street, Suite 501
Tucson, Arizona 85701
(520) 879-7500
*james_smith@fd.org*
*Attorneys for Defendant Branson*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, | No. CR 4:24-04442-TUC-JAS |
| Plaintiff, | |
| vs. | **SENTENCING MEMORANDUM** |
| Joshua Bobby Branson, | |
| Defendant. | |

Mr. Joshua Branson asks that the Court sentence him to probation. If the Court is disinclined to grant probation, he asks that the Court consider location monitoring in lieu of a custodial sentence. This case stems from events in 2022. Agents interviewed him in March of 2023 and did not arrest him after his confession. Since his confession to agents in 2023, Mr. Branson has committed no other crimes and has improved his life and finances. He appeared for an arraignment after receiving a summons to appear in this case in August of 2024. He complied with all the Court's release conditions since answering the summons.

When agents approached Mr. Branson at his home in 2023, he was forthcoming and honest. He initially did not want to admit that he knew his firearms purchase was not legitimate, but he did confess that he knew it was not a legitimate transaction during the

interview with agents. *They did not arrest him at that time*. Whether he was not arrested because the agents did not want to tip off others they were investigating, Mr. Branson doesn't know. It would be odd to suggest that he was not arrested so as not to alert others to a potential investigation, because Mr. Branson could tell anyone he was in contact with about the visit from agents when the agents left. Secrecy of the investigation as a reason for not arresting him at the time seems unlikely as a reason for not arresting him after his confession.

Also, it seems unlikely that agents didn't arrest him to get him to cooperate further. He was not the investigation's target and performed a limited function in a much wider conspiracy to buy guns that ultimately arrived in Mexico. Mr. Branson did not know that the weapon he purchased would be illicitly trafficked to Mexico, and he told the agents all he knew at their interview in 2023.

When the agents interviewed him, he thought his crime was to buy the gun for a coworker who could not own a weapon due to being a lawful permanent resident. The person who asked him to buy the gun was running a business that rented bouncy houses to people on the weekend. Mr. Branson worked for the bouncy house business putting up and taking down the structures. When the business owner asked him to buy the gun and keep the change Mr. Branson knew it was problematic. He ignored his worries because the approximately $200 dollars he could keep on the purchases would help his family during a difficult financial time.

Since confessing to agents in 2023, he has continued to work and support his family. He improved his employment and salary and has an even better job opportunity driving for a larger company waiting for him. His wife has also improved her employment situation, and the family is in a more stable spot both emotionally and financially than when he

purchased the guns in 2022. A custodial sentence would damage that progress and make maintaining the family's financial and emotional position impossible for Mrs. Branson to maintain on her own.

Also, Mr. Branson was a prison guard. A confinement sentence would be uniquely difficult as he would either be a target for violence from other inmates or be required to spend his entire term in protected/isolated status.

The 18 U.S.C. § 3553(a) factors do not require the Court to impose a custodial sentence. The statute and guidelines allow the Court to impose probation. That Mr. Branson has complied with all court orders, confessed to agents who did not arrest him, and come to Court when the Court issued a summons instead of a warrant is significant proof he will continue to obey Court orders. Also, the collateral consequences associated with a felony conviction will also act as a deterrent and reminder that he should never break the law again. He will himself not be able to own a firearm, or vote. He won't be eligible for certain government backed loans and public assistance. Bank loans will be more expensive, and certain jobs will be denied him. A felony conviction alone is a serious consequence that should not be overlooked or minimalized.

Mr. Branson is not a further danger to the community and was never arrested in this case. He has no other criminal history, and he is compliant with all the Court's orders. The agents at the time did not consider him a danger to the community when he confessed in 2023, and the Grand Jury and United States sent him a summons in 2024. He is willing to do location monitoring to help the Court decide not to impose a custodial sentence if

additional measures are necessary, but he hopes that the Court will sentence him to 5 years of probation.

**RESPECTFULLY SUBMITTED:**    July 1, 2025.

JON M. SANDS
Federal Public Defender

*s/James D. Smith*
**JAMES D. SMITH**
Assistant Federal Public Defender
*Attorney for Defendant Branson*

By *CM/ECF* this date to registered participants.

4